**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JAMES M. SARGENT, JR. (# 339638)**                                      **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                                            **NO. 10-0402-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 2, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES M. SARGENT, JR. (# 339638)**            CIVIL ACTION

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                  NO. 10-0402-JJB-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined Dixon Correctional Institute, Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the State of Louisiana, Secretary James LeBlanc, Classification Officer Henry Goins, Attorney William L. Kline, Commissioner John M. Smart, Jr., and District Judge Todd Hernandez, complaining that he has been wrongly determined to be ineligible for good-time credits and, as a result, has been held in confinement past his appropriate release date. He prays for monetary damages and for an "immediate release from custody".

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action or claim brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

This matter is before the Court on the petitioner's Complaint, purportedly filed pursuant to 42 U.S.C. § 1983. In actuality, however, the Complaint seeks relief in the nature of a writ of habeas corpus and must initially be pursued as such under 28 U.S.C. § 2241 because the petitioner challenges his present confinement. Specifically, the petitioner asserts that he was convicted in 1999, upon a charge of aggravated second degree battery, at which time the applicable law allowed for him to earn good-time credits. Thereafter, in November, 2004, he was in fact awarded a good-time supervised release, but this release was revoked in September, 2007, when he violated the terms of the supervised release. He complains that he has since been informed that he is not eligible to earn good-time credits, based on laws enacted after the date of his conviction, and that his initial good-time release was in error. The plaintiff complains that this is an ex post facto application of the referenced statute, and he seeks to be awarded his good-time credits, which will result in his being released from physical confinement earlier than is anticipated by the Louisiana Department of Public Safety and Corrections.

Upon initial review, this Court is obligated to initially determine whether the petitioner's claim is one which is properly pursued under 42 U.S.C. § 1983 or whether it is one which must be brought initially as a habeas corpus proceeding. This determination is made by focusing on the scope of relief actually sought by the petitioner. Serio v. Members of the Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987). In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement, and seeking immediate or earlier release from that confinement, must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action. In the instant case, because the plaintiff contends that the defendants are violating his constitutional rights by failing to award him earned good-time credits toward early release, the effect of his claim is to seek a diminution of the period of his physical confinement. Thus, a careful review of the plaintiff's Complaint leads the Court to conclude that the plaintiff's claim is one challenging the duration of his confinement and must be pursued through habeas corpus channels. Accordingly,

this aspect of his claim, brought as a civil rights action pursuant to 42 U.S.C. § 1983, is subject to dismissal for this reason.

Moreover, pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a prisoner's claim for monetary relief under § 1983 is not cognizable whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." In the present case, a resolution of the plaintiff's claim in his favor, i.e., a determination that he has been wrongly denied good-time eligibility, would necessarily imply that his physical and/or supervised confinement should be terminated or curtailed. Since the plaintiff has failed to allege that his sentence of confinement has been successfully challenged, invalidated or called into question by a court in a separate proceeding, the plaintiff's claim falls squarely within the holding of Heck v. Humphrey. Accordingly, his cause of action under § 1983 for monetary damages attributable to his alleged unconstitutional confinement has not yet accrued. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) ("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous"). See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997). It is therefore appropriate that the plaintiff's § 1983 claim be dismissed, with prejudice. See Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

RECOMMENDATION

It is recommended that the plaintiff's § 1983 action be dismissed, with prejudice, as legally frivolous under 42 U.S.C. § 1915, until the conditions set forth in Heck v. Humphrey, supra, are met.[1]  See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997) ("Under Heck, [the plaintiff] cannot state a claim so long as the validity of his conviction has not been called into question as

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

defined therein, which requires dismissal of claims not meeting its preconditions for suit").

Signed in Baton Rouge, Louisiana, on July 2, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**